# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **SAMUEL G. WILLIAMS** | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. N19C-01-107 FJJ |
| | ) | |
| v. | ) | |
| | ) | |
| **ARMSTRONG RELOCATION** | ) | |
| **COMPANY, LLC, and JOHN** | ) | |
| **JOSEPH COX,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFF'S
## MOTION FOR A NEW TRIAL
Decision: **DENIED**

Submitted: June 1, 2022
Decided: June 3, 2022

1.    This case arises from an automobile accident that occurred on July 8, 2017. Plaintiff alleges that he was injured when his vehicle was negligently struck by another vehicle driven by Defendant John Joseph Cox ("Cox") who was in the course and scope of his employment with Armstrong Relocation Company LLC at the time of the accident. Plaintiff alleges he suffered from injuries – mainly to his neck – which ultimately led to two neck surgeries.

2.    A two day jury trial began on April 4, 2022. The jury found that Defendants were negligent but that their negligence was not the proximate cause of Plaintiff's injuries.

1

3.  With respect to causation and damages, Plaintiff testified that the day after the accident he started to experience neck and back pain – but mostly neck pain. Plaintiff sought medical treatment from Dr. Atkins who, after eight (8) to nine (9) months, recommended Plaintiff to an orthopedic specialist, Dr. James Zaslavsky. Dr. Zaslavsky recommended that Plaintiff get neck surgery which Plaintiff underwent in January 2019. However, the surgery was not successful and Plaintiff underwent a second surgery in December 2020. Dr. Zaslavsky testified that Plaintiff's neck issues and subsequent surgeries were related to the accident in question. The defense presented their own medical expert, Dr. Stephen Fedder. Dr. Fedder disagreed with Dr. Zaslavsky and testified that the Plaintiff's injuries were not caused by the accident in question.

4.  Plaintiff moves for a new trial on three grounds:

    a.  The jury found that Defendant was negligent yet awarded no damages, and thus, the jury's verdict was against the great weight of the evidence;

    b.  Juror No. 9 should have been dismissed by the Court after disclosing that he had met Dr. Zaslavsky, Plaintiff's medical expert; and

    c.  Plaintiff believes that difficulties with memory experienced by his wife and witness, Barbara Williams, were the result of a COVID infection. Plaintiff believes he should have the opportunity to have this issue medically evaluated and for him to present relevant testimony, if applicable.

5. "Under Superior Court Civil Rule 59(a), a new trial may be granted as to all or part of the issues in an action."[1] "The Court has broad discretion in considering a motion for new trial."[2] "However, such discretion 'should be exercised sparingly and cautiously,' and … 'should be invoked only in cases in which the evidence preponderates heavily against the verdict.'"[3] "For this reason, the Court will not upset a jury verdict unless it finds that: 'a reasonable juror could not have reached the result[;]' 'the jury disregarded applicable rules of law[;]' or 'the jury's verdict is tainted by legal error committed by the Court during the trial.'"[4]

6. The jury's verdict was *not* against the great weight of the evidence. On the issue of causation, the evidence was hotly contested. Each side presented an expert in support of their respective positions. The Defendants called Dr. Fedder who unequivocally testified that there was *no* causal relationship between the injuries claimed by Plaintiff and the accident in question. Dr. Fedder's testimony was contested by Plaintiff's expert, Dr. Zaslavsky. It was Dr. Zaslavsky' s view that this motor vehicle accident was the proximate cause of Plaintiff's neck injury and resultant medical treatment. The jury was free to decide between the experts' testimony and the jury chose Dr. Fedder. This

---

[1] *Klosiewicz v. Stevenson*, 2020 WL 707639, at *3 (Del. Super. Ct., Feb. 12, 2020).
[2] *Id.*
[3] *Id.*
[4] *Id.*

finding was well supported by the evidence and this Court will not disturb that finding.

7. As to Juror No. 9, this Court concludes that Plaintiff suffered no prejudice from Juror No. 9 not being dismissed by the Court after disclosing that he had met Dr. Zaslavsky, Plaintiff's medical expert. Once the Court became aware of Juror No. 9's prior interaction(s) with Dr. Zaslavsky, the Court conducted *voir dire* independently with the juror – asking him whether he had any prejudice based on the fact that his father treated with Dr. Zaslavsky. Juror No. 9 responded, "No." The Court then asked both Plaintiff's and Defendants' counsel whether they believed there was any reason that this juror should be dismissed. Neither side opposed Juror No. 9 continuing his service on the jury, and thus, the Court permitted him to do so. Plaintiff had the opportunity to object to this juror's continuation on the jury at the time the Court conducted the *voir dire*. Plaintiff raised no such objection. As such, Plaintiff has waived any objection on this issue.[5] Even had Plaintiff's counsel raised an objection, this Court, based on the *voir dire* conducted, would not have dismissed juror No. 9. Therefore, Plaintiff is not entitled to a new trial on this ground.

8. Lastly, Plaintiff raises an issue with alleged difficulties in memory experienced by his wife and witness, Barbara Williams, during her testimony. Plaintiff

---

[5] *Powell v. AmGuard Insurance Company*, 2020 WL 996734, at *7 ((Del. Super. Ct., Mar. 2, 2020) (noting that by failing to make an objection during trial that the party waived the ability to raise the argument post-trial).

believes that he should have the opportunity to have this issue medically evaluated and for him to present relevant testimony. At the outset, Plaintiff makes no reference to what these "difficulties" were, neither does he provide any support for this assertion. Plaintiff could have brought this issue before the Court at any time prior to or even during the trial. Instead, Plaintiff raises the issue for the first time to this Court post-trial after the jury's verdict was known to Plaintiff. Additionally, Plaintiff offers no explanation as to how these "difficulties" with Ms. Williams' memory prejudiced him during his trial. Mrs. Williams' testimony went primarily to liability, and did not address causation. As plaintiff "won" on liability, any issue with her testimony cannot be said to have an impact on the jury's proximate cause conclusion.

From where this Court sits, the argument as to Ms. Williams appears to be an attempt to manufacture a reason for a new trial because Plaintiff is not satisfied with the jury's decision. This Court will not go down the road advocated by the Plaintiff. The jury has spoken and its clear voice is supported by the evidence produced at trial. This Court will not interfere with the jury's verdict.

9. Based on the foregoing, none of the grounds asserted by Plaintiff warrant grant of a new trial. Therefore, Plaintiffs Motion for a New Trial is DENIED.

**IT IS SO ORDERED.**

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

/jb

cc     *File & ServeXpress*
Mr. Samuel G. Williams, *Pro-Se* Plaintiff (*via U.S. Mail*)
Ms. Barbara J. Williams, *Pro-Se* Plaintiff (*via U.S. Mail*)
Joshua D. Scheets, Esquire (*via File & Serve Xpress*)